January 8, 1993 [NOT FOR PUBLICATION]
 [NOT FOR PUBLICATION]

 UNITED STATES COURT OF APPEALS
 FOR THE FIRST CIRCUIT

 

No. 92-2112

 UNITED STATES OF AMERICA,

 Appellee,

 v.

 BEATRIZ JUNQUERA DE RIVERA,

 Defendant, Appellant.

 

 APPEAL FROM THE UNITED STATES DISTRICT COURT

 FOR THE DISTRICT OF MAINE

 [Hon. Morton A. Brody, U.S. District Judge]
 

 

 Before

 Torruella, Selya and Stahl, 

 Circuit Judges.
 

 

 J. Hilary Billings for appellant.
 
 Margaret D. McGaughey, Assistant United States Attorney,
 
with whom Richard S. Cohen, United States Attorney, and Jay P.
 
McCloskey, Assistant United States Attorney, were on brief, for
 
the United States.

 

 

 Per Curiam. This is a guideline sentencing appeal. We
 

have carefully reviewed the appellant's objections to the

district court's determination of her offense level and guideline

sentencing range (which, in turn, led to her sentence). Having

in mind, particularly, that a criminal defendant must carry the

burden of proving her entitlement to downward adjustments in the

presumptively applicable offense level, see, e.g., United States
 

v. Ocasio, 914 F.2d 330, 332 (1st Cir. 1990), and that a
 

deferential standard of review applies to factbound

determinations under the sentencing guidelines, see, e.g., United
 

States v. Ruiz, 905 F.2d 499, 508 (1st Cir. 1990) (holding that
 

"where there is more than one plausible view of the

circumstances, the sentencing court's choice among supportable

alternatives cannot be clearly erroneous"), we see no sound basis

for overturning the lower court's findings. 

 We need go no further. We have said before that

"[s]entencing appeals prosecuted . . . in the tenuous hope that

lightning may strike ought not to be dignified with exegetic

opinions, intricate factual synthesis, or full-dress explications

of accepted legal principles." United States v. Ruiz-Garcia, 886
 

F.2d 474, 477 (1st Cir. 1989). So it is here.

 The judgment of conviction and the sentence imposed are
 

affirmed. See 1st Cir. Loc. R. 27.1.
 

 2